# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**CENDA HUFNAGAL,**

        **Plaintiff,**

**-vs-**                                              **Case No. 2:11-cv-610-FtM-99DNF**

**TONY FANTARONI'S INC., a Florida**
**profit corporation, GARY BUELL,**
**individually,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration on the Plaintiff, Cenda Hufnagal[1]'s Motion for Approval of Settlement and for an Award of Attorney's Fees and Costs (Doc. 14) filed on March 20, 2012, and the Response (Doc. 16) filed on May 1, 2012 to an Order (Doc. 15) requiring additional information. The Plaintiff's counsel is requesting that the Court approve the settlement or agreement entered into by Cenda Hufnagal and the Defendants, Tony Fantaroni's, Inc. and Gary Buell. Counsel for Cenda Hufnagal is requesting that the Court approve the "settlement" of the Fair Labor Standards Act ("FLSA") claim.

        To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards

---

[1] The Plaintiff, Cenda Hufnagal's name is spelled "Cenda Hufnagal" in the Complaint (Doc. 1), however, in the documentation from the Defendants, her name is spelled "Cenda Hufnagel." (Doc. 14-2). The Court will use the spelling in the Complaint.

-1-

Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The history of the case is not the norm. The Plaintiff filed suit through her attorney Bill Berke on October 26, 2011. In the Complaint (Doc. 1), the Plaintiff did not set forth an amount of damages. No Court Interrogatories were ever filed, and the only indication of the amount of overtime wages requested as damages is in the Motion for Approval of Settlement (Doc. 14) which indicates that Ms. Hufnagal "had a telephone conference with our office [her counsel's office] to discuss her unpaid wages in the amount of $398.00 which employed [sic] with the Defendants, TONY FANTARONI'S

INC. and GARY BUELL." (Doc. 14, p. 1). No other evidence was filed to support the allegation that the Plaintiff was owed $398.00 for overtime wages.

Thereafter, Mr. Berke filed suit. The Defendants, Gary Buell and Tony Fantaroni's Inc. never responded to the Complaint, and on March 20, 2012, the Clerk entered a default against Gary Buell. No action was taken against Tony Fantaroni's, Inc. The Court does not have any responses to Court Interrogatories, or any pay records which substantiate the amount of damages.

On March 6, 2012, the Defendant, Gary Buell on behalf of himself and Tony Fantaroni's Inc. sent a letter to Mr. Berke with an attachment. (Doc. 14-2). In the letter, Mr. Buell stated that the Plaintiff "received a check from Tony Fanatroni's and agreed to drop all charges against the defendant, she made a phone call to her attorney and said that she was stopping all proceedings against the defendant." (Doc. 14-2) Also attached was a copy of a check made payable to Cenda Hufnagal in the amount of $300.00 and a handwritten document signed by Cenda Hufnagal dated December 21, 2011 which states that "Cenda Hufnagel paid in full $300.00" and stating "I Cenda Hufnagel is [sic] paid in full and will drop all legal matters against Tony Fantaroni's & Gary Buell." (Doc. 14-2). From this documentation, it appears that Cenda Hufnagel entered into an agreement with Gary Buell and Tony Fantaroni's Inc. to settle her case without the benefit of her counsel. Mr. Berke was not present and not consulted by Cenda Hufnagel when she entered into this agreement, therefore, he was not able to protect her rights under the statute. The Court does not have sufficient information to determine if this settlement is a "fair and reasonable resolution of a bona fide dispute" *Id*. Certainly, the issue of attorney's fees and liquidated damages was not contemplated in the agreement between Cenda Hufnagal and Tony Fantaroni's Inc. and Gary Buell. In addition, Mr. Berke has not been in contact

with Cenda Hufnagel since the agreement was entered into and has been unable to contact her. (See, Doc. 16, p. 2).

From the small information provided, this case is not one where a full tender of payment for all of the Plaintiff's claims under the FLSA was made. The only information provided was that in the initial telephone call to counsel, Cenda Hufnagal indicated she was owed $398.00 for overtime wages.[2] The agreement does not include any mention of liquidated damages or attorney's fees, both of which Cenda Hufnagal may be entitled to under the FLSA. The Court cannot approve the settlement as fair and reasonable and cannot determine that this action was settled without compromise.

**IT IS RESPECTFULLY RECOMMENDED:**

The Motion for Approval of Settlement and for an Award of Attorney's fees and Costs (Doc. 14) be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] The Court is also concerned that there may be a conflict of interest between Mr. Berke and Ms. Hufnagal. Ms. Hufnagal entered into an agreement with Tony Fantaroni's, Inc. and Gary Buell which stated that she was paid in full and was dropping all legal matters against Tony Fanteroni's, Inc and Gary Buell. Mr. Berke is requesting that the Court award attorney's fees against the Defendants, Tony Fantaroni's, Inc. and Gary Buell, which may violate the agreement entered into between Cenda Hufnagel and Tony Fantaroni's, Inc. and Gary Buell.

Respectfully recommended in Chambers in Ft. Myers, Florida this  23rd  day of May, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record