**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**CENDA HUFNAGAL,**

    **Plaintiff,**

**-vs-**                   **Case No. 2:11-cv-610-FtM-99DNF**

**TONY FANTARONI'S INC., a Florida
profit corporation, GARY BUELL,
individually,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  On September 12, 2012, the Honorable Elizabeth A. Kovachevich, United States District Judge entered an Order (Doc. 18) which in part directed this Court to schedule a status hearing and "to determine what needs to be done to bring this case to completion and dismissal." (Doc. 18, p. 3). As set forth in the Report and Recommendation (Doc. 17) entered on May 23, 2012, this action was filed for a violation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 *et seq.* The case did not follow the normal procedures for FLSA cases. The Plaintiff filed suit through her attorney Bill Berke on October 26, 2011. It appears, however, that the Plaintiff without the benefit of counsel entered into an agreement with the Defendants and failed to notify her counsel that she resolved her case. The Defendant, Gary Buell on behalf of himself and Tony Fantaroni's Inc. sent a letter to Mr. Berke with an attachment. (Doc. 14-2) In the letter, Mr. Buell stated that the Plaintiff "received a check from Tony Fantaroni's and agreed to drop all charges against the defendant, she made a phone call to her

attorney and said that she was stopping all proceedings against the defendant." (Doc. 14-2) Also attached was a copy of a check made payable to Cenda Hufnagal in the amount of $300.00 and a handwritten document signed by Cenda Hufnagal dated December 21, 2011 which states that "Cenda Hufnagel paid in full $300.00" and stating "I Cenda Hufnagel is [sic] paid in full and will drop all legal matters against Tony Fantaroni's & Gary Buell." (Doc. 14-2). Mr. Berke filed a Motion for Approval of Settlement and for an Award of Attorney's Fees and Costs (Doc. 14). This Court entered a Report and Recommendation (Doc. 17) recommending the Motion be denied which was adopted by Order (Doc. 18).

Pursuant to the Order (Doc. 18) entered by Judge Kovachevich, the Court set a status hearing in this matter. (See, Doc. 19). After setting the status hearing, Mr. Berke filed a Motion to Withdraw (Doc. 21) on September 24, 2012, which was granted by Order (Doc. 22) on October 4, 2012. On October 4, 2012, the Court entered an Order to Show Cause (Doc. 22) which required Ms. Hufnagal to show good cause why this case should not be dismissed for failure to prosecute. Pursuant to Local Rule 3.10, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. L. R. 3.10. Ms. Hufnagal was required to have new counsel file a notice of appearance or notify the Court that she was proceeding *pro se* within fourteen (14) days from the date of the Order. The Court cautioned Ms. Hufnagal that if she failed to comply with the Order, the Court would recommend that this action be dismissed for failure to prosecute. Ms. Hufnagal has failed to comply with the Order (Doc. 22).

**IT IS RESPECTFULLY RECOMMENDED:**

That this action be dismissed for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   26th   day of October, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record